CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
04/17/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CONNIE S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:20-cv-00064 |
| | ) |
| COMMISSIONER OF | ) By: Elizabeth K. Dillon |
| SOCIAL SECURITY ADMINISTRATION, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court are two motions filed by counsel for plaintiff Connie S. in connection with Connie's successful appeal for disability insurance benefits ("DIB") under the Social Security Act. The first is a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), in which counsel requests that the court authorize the release of $15,000.00—currently being withheld by the defendant, the Commissioner of the Social Security Administration ("the Commissioner")—as compensation for legal services rendered before this court. (Dkt. No. 24.) The second is a motion seeking the release of the remaining withheld funds—$3,697.60 in excess of the requested fee—to be disbursed directly to Connie. (Dkt. No. 29.)

The Commissioner "neither supports nor opposes counsel's request for attorney's fees" but asks that the court determine whether the requested amount of $15,000.00 is "reasonable under law." (Dkt. No. 27.) For the reasons that follow, the court will grant the motion for attorneys' fees in full and authorize the release of the remaining withheld funds to Connie.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

I.  BACKGROUND

On October 8, 2020, Connie filed a complaint with the court, seeking review of the Commissioner's final decision, which denied his application for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.  (Compl., Dkt. No. 1.)  Both Connie and the Commissioner moved for summary judgment.  (Dkt. Nos. 13, 17.)  The court referred the matter to the magistrate judge who issued a report and recommendation ("R&R"), recommending the court grant Connie's motion for summary judgment, deny the Commissioner's motion for summary judgment, reverse the Commissioner's final decision, and remand the case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).  (Dkt. No. 19.)  On March 25, 2022, the court adopted the R&R, and the case was remanded to the Commissioner for further action.  (Dkt. No. 20.)

On remand, Connie prevailed and was awarded past-due benefits totaling $124,604.70, as reflected in the Notice of Award issued on March 18, 2024.  (Notice of Award 1–2, Dkt. No. 25-2.)  Of this amount, $30,697.50 is being withheld for attorneys' fees.[2]  (*Id.*)  On May 14, 2024, Connie's attorney filed a motion for attorneys' fees under 42 U.S.C. § 406(b), requesting $15,000.00 of the withheld funds as compensation for legal services rendered before this court.  (Dkt. No. 24.)  Counsel also filed a separate § 406(a) fee petition with the SSA for representation at the administrative level, which was approved in the amount of $12,000.00.  (Dkt. No. 28.)  In total, counsel seeks $27,000.00 in attorneys' fees, representing approximately 22% of the past-due benefits awarded.  The Commissioner has filed a response, taking no position on the request but asking the court to determine the reasonableness of the $15,000.00 fee.[3]  (Dkt. No. 27.)

---

[2] The amount withheld represents approximately 24.64% of the total past-due benefits awarded to Connie, just under the statutory maximum of 25% that can be awarded for attorneys' fees under § 406(b).

[3] The court notes that 58 days elapsed between the issuance of the initial Notice of Award on March 18, 2024, and the filing of the petition for § 406(b) attorneys' fees on May 14, 2024.  Although the Commissioner has no direct financial stake in the outcome of § 406(b) petitions, he "plays the part in the fee determination resembling

II.  DISCUSSION

Section 406 of the Social Security Act provides the statutory basis for awarding attorneys' fees in a social security case, with § 406(a) governing fees for representation in administrative proceedings and § 406(b) governing fees provided for representation in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  When awarding fees under § 406(b), a court must determine whether the contingent-fee agreement, provided it does not exceed 25% of past-due benefits, is reasonable.  A reduction in the fee, even if the agreement is presumptively valid, may be appropriate under certain circumstances, such as when "(1) the fee is out of line with the character of the representation and the results achieved, (2) counsel's delay caused past due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (cleaned up) (citing *Gisbrecht*, 535 U.S. at 808).

The court has considered the contingent-fee agreement between counsel and Connie, which provides that counsel will receive compensation "only if [Connie] receives a favorable or partially favorable decision from the Federal Court or by the SSA on remand from a Federal Court."  (Dkt. No. 25-1.)  The agreement further states that if Connie receives a favorable decision, the § 406(b) fees sought will not exceed "25% of past due benefits . . . less the amount of the Attorney Fee authorized for services rendered in SSA's Administrative Process."  (*Id.*)  In addition, the agreement states that "a resulting hourly rate in excess of $950.00 per hour would not be a reasonable fee."  (*Id.*)

Here, counsel has received $12,000.00 in fees under § 406(a) for services rendered in

---

that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  Because the Commissioner has raised no timeliness objection, the court accepts the petition as timely.  *See Bergen v. Commissioner of Social Sec.*, 454 F.3d 1273, 1277–78 (11th Cir. 2006) ("Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and merely hold that the petitions were timely.").

administrative proceedings. (Dkt. No. 28.) Twenty-five percent of past-due benefits awarded to Connie amounts to $31,151.18. After subtracting the previously awarded $12,000.00 in § 406(a) attorneys' fees, the remaining allowable amount under the agreement is $19,151.18. Counsel is seeking $15,000.00 in § 406(b) fees, which is well within the permitted amount.

The court has also reviewed the itemized billing records, which indicate that counsel and his firm dedicated a total of 23.0 hours to tasks related to the representation before this court. (Dkt. No. 25-3.) Based on the requested fee amount, this results in an effective hourly rate of approximately $652.17 for counsel. This rate does not violate the terms of the contingent-fee agreement and is reasonable given the results achieved. Moreover, the hourly rate falls within the reasonable range for the Fourth Circuit. *See, e.g.*, *Stephen F. v. O'Malley*, No. 3:22-CV-00413, 2024 WL 2059741, at *2 (S.D.W. Va. May 8, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $673.83); *Grayer v. Colvin*, No. 5:22-CV-149-RJ, 2024 WL 5110047, at *2 (E.D.N.C. Dec. 13, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $563.90); *Byas v. O'Malley*, No. CV 0:21-790-PJG, 2024 WL 4520094, at *1 (D.S.C. Sept. 12, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $880.30).

Having considered the relevant factors and finding that none of the considerations outlined in *Mudd* warrant a reduction in the requested fee, the court finds that the fee request is reasonable. Accordingly, the court will award the full amount of $15,000.00, in accordance with the terms of the contingent-fee agreement.

### III. CONCLUSION AND ORDER

For the reasons set forth herein, it is hereby ORDERED as follows:

1. Counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (Dkt. No. 24) is GRANTED. The court authorizes a payment of Fifteen Thousand Dollars and Zero

4

Cents ($15,000.00) to Bruce K. Billman, Esquire, as § 406(b) attorneys' fees for court-related services.

2. Counsel's motion for disbursement of excess withheld funds to plaintiff Connie S. (Dkt. No. 29) is GRANTED.  The court authorizes the Commissioner to release the remaining withheld funds—after payment of the $15,000.00 fee to counsel—to plaintiff Connie S.

The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: April 17, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge